United States District Court
Southern District of Texas
**ENTERED**
July 10, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| XAVIER WYNN, TDCJ # 02238267, | § § § § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-2094 |
| | § | |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

# MEMORANDUM OPINION AND ORDER

Petitioner Xavier Wynn is incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ).  He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) to challenge a 2018 conviction.  After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **DISMISSED without prejudice** for the reasons set forth below.

## I.     BACKGROUND

On December 11, 2018, Wynn was convicted of aggravated robbery, Case No. 1479442, in the 184th District Court of Harris County, Hon. Jan Krocker presiding.  On December 26, 2018, he was convicted of assault on a public servant, Case No. 1580235, in the same court.  The court sentenced Wynn to 50 years in TDCJ, with sentences to run concurrently.  *See* Dkt. 1, at 1; Record Search, Harris County Clerk, available at https://www.hcdistrictclerk.com/ (last visited July 7, 2023).

On December 3, 2020, the First Court of Appeals affirmed Wynn's conviction in the aggravated robbery case.  Wynn did not file a petition for discretionary review with the

Texas Court of Criminal Appeals (Dkt. 1, at 2; *see* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited July 7, 2023)).  Public records reflect that Wynn did not appeal his conviction for assault on a public servant.

The public websites for Harris County and the Texas appellate courts do not reflect that Wynn filed a state habeas petition for either conviction.  Wynn states that he mailed a state habeas application to the Harris County public defender but does not state that he filed his application with the trial court (Dkt. 1, at 6-7).

In his federal petition, Wynn brings one claim of ineffective assistance of counsel.  He states that his petition is timely because an unlawful conviction can be challenged at any time (*id*. at 13).

## II.   EXHAUSTION OF REMEDIES

As a matter of law, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).  This means that a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To comply with the exhaustion requirement, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (cleaned up). The federal claim "must be the substantial equivalent of the claim brought before the State court." *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016) (cleaned up); *see Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021) ("a state prisoner who does not fairly present a claim to a state habeas court—specifying both the legal and factual basis for the claim—may not raise that claim in a subsequent federal proceeding"). Exceptions exist only where "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—the Texas Court of Criminal Appeals—by taking one of these paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3; *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

In this case, the Texas Court of Criminal Appeals has not had an opportunity to address Wynn's challenge to his 2018 conviction in either case. A state habeas petition remains available to Wynn as a means to present his claims to the state courts. Because he has not availed himself of this state process, he does not fit within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the state courts have considered the petitioner's claims. Therefore, the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III.   CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the

district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a writ of habeas corpus filed by Xavier Wynn (Dkt. 1) is **DISMISSED without prejudice** because the petitioner has not exhausted all available remedies in the state courts.

2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____July 10_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE